## W. J. CLAYTON v. W. H. MOORING.

1. SEQUESTRATION BOND. SEAL. The Act of February 2d, 1858, which provides for dispensing with the use of scrawls and seals, was intended to embrace every instrument in the execution of which scrawls or seals had been before that time used.

APPEAL from Wharton. Tried below before the Hon. Wm. H. Burkhart.

*Peticolas & Franks* for appellant.

*Geo. Quinan* for appellee.

REEVES, J. This suit was brought by appellant to recover twelve hundred bushels of corn or its value, alleged to be six hundred dollars, and one ox wagon or its value, averred to be one hundred and fifty dollars, praying for a writ of sequestration. The sequestration bond is without seals to the signatures of the parties signing the same, and on that ground the writ of sequestration was quashed on defendant's motion. This ruling of the Court is the only error assigned by appellant.

The judgment of the Court, after reciting that the sequestration bond was quashed for want of a seal, recites that "the "cause then came on for trial, and the matters as well of fact as "of law having been submitted to the Court, and plaintiff pro-"ducing no evidence to sustain his claim, it is adjudged and "decreed by the Court that the defendant go hence without "day," etc. Appellant contends that this judgment is the equivalent of a nonsuit taken by plaintiff with notice of a motion to set aside. We think not. There is no motion for a new trial and no attempt was made to establish a meritorious cause of action; nor is it made to appear that the plaintiff would be able to prove his claim to the property on another

trial. The record discloses no reason why the plaintiff did not take a nonsuit, if that was his object, or why he failed to introduce some proof of his right to the property after the cause had been submitted for trial, or failing in that why he did not make it appear that he had merits in his case, and seek another trial for the purpose of sustaining by proof his claim to the property, showing in what his proofs consisted.

As the case is presented by the record there is nothing to warrant the conclusion that appellant has been injured by the judgment of which he complains, and it is affirmed without regard to the ruling of the Court that the sequestration bond was defective for want of a seal. Appellant is not in a position to avail himself of the only error assigned for the reversal of the judgment.

It is deemed proper to remark, to avoid misapprehension hereafter, that the case of Foster and others against Champlin & Co., 29 Texas, 22, expresses the views we entertain on the question raised by the assignment whether a sequestration bond is sufficient without a seal. Referring to the Act of February 2d, 1858, dispensing with the use of scrolls and seals, excepting such contracts, etc., as are made by corporations, the Court said: "This statute was evidently intended to embrace "every instrument in the execution of which seals or scrolls had "been before that time used." The language here used in reference to an appeal bond without a seal, applies with equal force to a sequestration bond. But on the grounds before stated the judgment is affirmed.

Affirmed.