E. P. RUTHERFORD ET AL. v. R. E. MONTGOMERY ET AL.

Delivered September 26, 1896.

**1. Sale of Land—Deed by Agent—Warranty as Binding Undisclosed Principal.**

Where an agent in collecting a debt buys land from the debtor, taking the deed in his own name and sells and conveys the land, with personal warranty, paying over the proceeds to the principal, the latter thus accepting the proceeds of the transaction will be liable upon the covenants of warranty in the deed of the agent to the purchaser.

**2. Same—Warranty Runs With Land.**

A covenant of warranty runs with the land and inures to the benefit of the last vendee.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*W. L. Husbands,* for appellants.—1. Under the evidence the authority and agency of Langley was fully shown, and his acts as such agent in accepting the deed from Looney, and assuming therein the notes sued on, and in making deed to Rutherford with general warranty, were the acts of and bind his principal Cameron & Co., and render said Cameron & Co. liable therein to appellants.

2. When one adopts the acts done by another as his agent and receives and retains the benefit of such acts he is bound by all the acts of such agent done in the transaction; he cannot adopt in part and reject in part the acts of such agent; he cannot adopt that part of the transaction beneficial to him and reject that part prejudicial to him; an adoption of part of such transaction is an adoption and ratification of the whole transaction; and in this case, the reception and retention of the proceeds and benefits by Cameron & Co. of the acts done by Langley as their agent, and by Lucky, administrator of Langley, as shown by the

evidence constitutes a full adoption and complete ratification of all such acts including the assumption of the notes sued on, and the warranty in the deed by Langley to Rutherford and creates a liability on Cameron & Co. to discharge said obligations, and same can be enforced against said Cameron & Co. by appellants.    Zimpleman v. Keating, 77 Texas, 320; Harrison v. McMurray, 71 Texas, 122; Huffman v. Mulkey, 78 Texas, 556; Brown v. Bridges, 70 Texas, 664; Bank v. Bank, 5 Wheat., 337; 1 Wait's Act. & Def., 232; 6 Wait's Act. & Def., 98.

*Seth W. Stewart*, for appellee.—1.   The assumption of the payment of the notes sued on according to the allegations of the cross-bill was a contract between Cameron & Co. and Looney, and to which these appellants were in no sense parties, and upon which, under the facts proven in the case, they could not maintain an action.   That no one but parties to a contract or their assigns or privies can maintain an action thereon, is well settled.   Lawson on Contracts, sec. 113 and note 2; Rossman v. Townsend, 17 Wis., 95; Ross v. Miller, 12 Leigh, 204; Ellison v. Jackson, 12 Cal., 542; Laidlow v. Hatch, 75 Ill., 11; Seaman v. Whitney, 24 Wend., 260.

2.   The deed from Langley to Rutherford being purely personal on the part of Langley, no one but himself could be sued on his warranty therein contained.   Mechem on Agency, sec. 702 and note 2.

TARLTON, CHIEF JUSTICE.—For the purposes of this appeal this suit may be thus accurately described:

The appellee Montgomery sued C. P. F. Looney in debt and foreclosure as the maker of a note in the principal sum of $150, dated March 1, 1890, due two years after date, retaining the vendor's lien on lots 3 and 4, block 35, in the town of Vernon, Texas.   E. P. Rutherford, J. G. Abney, and J. R. Ponder were made defendants as subsequent purchasers of lot 4.   William Cameron & Co., a firm composed of William Cameron, W. P. Brazzleton, C. L. Johnson, G. M. Bowie and R. H. Dowman, were made defendants as purchasers of lot 3, as was J. A. Lucky, as administrator of Geo. W. Langley.

No defense was urged to the prayer of the plaintiff for judgment and foreclosure, but the defendants Rutherford, Abney and Ponder, by way of cross-bill, impleaded Wm. Cameron & Co.   They alleged a conveyance of the lots by Montgomery to Looney, and by Looney to Geo. W. Langley; that in the deed to Langley the latter assumed, as part of the consideration, the payment of two purchase money notes, each for the sum of $150, including the one in question; that Langley, in accepting the deed from Looney, and in assuming payment of the notes, acted as the agent of defendants Wm. Cameron & Co.; that while the property was conveyed to Langley, it was in fact paid for by Cameron & Co., and was their property; that the assumption of the notes was in fact that of Cameron & Co.; that Langley held the property in trust for Cameron & Co., and afterwards conveyed lot 4 to defendant Ruth-

erford by warranty deed; that the consideration paid by Rutherford was received by Cameron & Co.; that the acts of Langley in accepting the deed from Looney and in executing the deed to Rutherford for lot 4 were authorized and ratified by Cameron & Co. Hence the defendants, Rutherford, Abney and Ponder prayed judgment over against Cameron & Co. on the assumption in the deed from Looney to Langley and on the warranty in the deed from Langley to Rutherford.

The defendants Cameron & Co. excepted generally and specially to the cross-bill of Rutherford and others. Their special exceptions urged the insufficiency of the cross-petition, on the ground (1) that the promise relied upon was a promise made to Looney to assume and discharge the indebtedness to Montgomery, and that there was no privity of contract between Cameron & Co. and the defendants Rutherford. and others; (2) that the warranty contained in the deed from Langley to Rutherford could not bind Cameron & Co., because the latter were in no sense parties to the deed. Cameron & Co. also pleaded the general issue.

The record discloses no action by the court upon these exceptions. Judgment was rendered in favor of Montgomery against the defendants for the amount of the note sued on, with a decree foreclosing his lien; ordering, however, the sale first of lot 3, before proceeding against lot 4. The defendants Rutherford, Abney and Ponder were denied any relief against Cameron & Co.; hence this appeal by them.

We find the following conclusions of fact:

On March 1, 1890, the plaintiff Montgomery by deed conveyed to. C. P. F. Looney the two lots in question. In part consideration of this conveyance Looney executed to Montgomery two notes, including the one in suit, each for the principal sum of $150, due respectively one and two years after date, retaining a vendor's lien upon the property conveyed.

On May 9, 1891, C. P. F. Looney and his wife, Mary Looney, conveyed by deed with general warranty (recorded June 9, 1891) the two lots in question to Geo. W. Langley. The deed recites the consideration of $300 in cash and the assumption by Langley of the payment of two notes, each for $150, executed by Looney to Montgomery.

On November 3, 1891, Geo. W. Langley, by deed with general warranty (recorded November 24, 1891) conveyed to E. P. Rutherford lot 4 in question. The deed recites the consideration to be $100 cash and two notes of even date, each for the principal sum of $100, payable to the order of Langley in one and two years from date.

On February 7, 1894, by deed duly recorded, Rutherford, for a valuable consideration, conveyed lot 4 to Abney; and March 19, 1894, the latter by deed duly recorded conveyed this lot to Ponder. The deeds from Langley to Rutherford, from Rutherford to Abney, and from Abney to Ponder make no mention of the two $150 notes described in the deed from Looney to Langley.

George W. Langley was the agent of Cameron & Co. at Vernon. As

such he was charged with the duty of collecting claims due that firm. Among these claims was an indebtedness of $2000 or thereabouts from Strane & Looney, a firm doing business at Seymour, Texas, including C. P. F. Looney, the grantor in the above mentioned deed to Langley. As a means to the collection of the claim against Strane & Looney, Langley took the deed above described from Looney to the lots in question, and also conveyances from him to two other parcels of land, being one acre of section 63, in Wilbarger County, and 160 acres of section 27, in that county. These conveyances were thus taken by Langley as the agent or the trustee for Cameron & Co., this relation, however, being undisclosed in the several transactions by and with Langley.

Langley died in March, 1892, and in July, 1892, J. A. Lucky was appointed administrator of his estate. As such he presented to the County Court of Wilbarger County at its September term, 1892, his application setting forth the fact of the execution of the deeds and conveyances above described by Looney to Langley, in trust for Wm. Cameron & Co., alleging that the trust relation did not appear upon the face of these instruments, and praying that he be authorized to execute a deed to Wm. Cameron & Co. conveying to them the property in question. In accordance with this prayer, and the facts stated in the application, a decree was entered by the County Court on September 6, 1892, reciting these facts, and ordering the execution of the conveyance by the administrator as therein prayed.

Accordingly on November 12, 1892, a deed was executed by Lucky, as the administrator of Langley, conveying the several parcels of land above mentioned, including lots 3 and 4, block 35, to R. H. Downman, in trust for Wm. Cameron & Co. This deed also recites the facts stated in the application made by the administrator. The deed was delivered by Lucky to Cameron & Co., and was by them accepted.

At the time of the execution of the deed by Lucky, administrator, to Downman, in trust for Cameron & Co., or shortly thereafter, Lucky, at the request of Cameron & Co., endorsed to the latter the two notes which had been executed by Rutherford to Langley as part of the purchase price of lot 4. Cameron & Co. instituted suit upon these notes against Rutherford, and obtained judgment thereon, with foreclosure of the vendor's lien, and collected the amount of the judgment.

When they accepted the deed from Lucky, administrator, and when they brought suit upon the two notes endorsed as above mentioned and collected the judgment thereon, the inference from the circumstances is that Cameron & Co. had full knowledge of the fact that Langley had acted as their agent or trustee in and about the matters above set forth. This relation of principal and agent, or trustee and beneficiary, was, however, not disclosed to Rutherford at the time of his purchase from Langley.

*Opinion.*—The sole question to be considered by us is, whether Wm. Cameron & Co. should be held responsible on the warranty contained in

the deed executed by Langley to Rutherford. This question we unhesitatingly answer in the affirmative.

The question concerns the liability of an undisclosed principal to one dealing with his agent. Under the conclusions of fact found by us, and required, as we believe, by the record in this case, Cameron & Co., with knowledge that Langley had acted as their agent or trustee in the purchase of the land from Looney and its conveyance to Rutherford, accepted the fruits and benefits of that transaction, at least to the extent of collecting the purchase money notes executed by Rutherford to Langley.

We have not found it. necessary to conclude as a fact whether or not Langley was authorized in the first instance to accept and execute deeds for Cameron & Co.; nor is it necessary that we should conclude upon this issue of original authority; because we are of opinion that, whether authorized or unauthorized in the first instance, the conduct of Cameron & Co. must be regarded as a ratification of the acts of their undisclosed agent Langley. Having with knowledge of the trust relation taken the benefits of the transaction by Langley, Cameron & Co. must be held to have assumed also its burdens. Reese v. Medlock, 27 Texas, 124; Zimpleman v. Keating, 72 Texas, 320; Kauffman v. Mulkey, 78 Texas, 557. They will not be permitted to accept its fruits even in part, and otherwise repudiate it. The acceptance in part must be deemed an acceptance in whole; it is a case of "all in all or not at all." Ford v. Williams, 21 How., 287 (62 U. S., 36), and notes; Mechem on Agency, secs. 130, 148, 149, 152.

Nor does the fact that in this instance the instrument executed by the undisclosed agent is a deed affect the application of the principle above stated.

It was held at common law that one could not be charged as a principal upon an instrument under seal, such as a deed, unless his character was disclosed upon the face of the instrument. It will be noted, however, that this distinction as to liability cannot apply in this State, where the use of a seal is in no sense necessary to the validity of a deed. Mechem on Agency, sec. 702. By the Act of 1858 the distinction between a sealed and an unsealed instrument is eliminated. Clayton v. Mooring, 42 Texas, 182.

A ratification under seal is not required in this State in a case of this kind. Mechem on Agency, sec. 140.

Nor is the transaction obnoxious to the statute of frauds, having shown a subsequent ratification of the act of the agent in signing the contract. The ratification is the equivalent of a prior authorization, and the contract is in writing, and is deemed to have been executed by the agent of the principal thereunto lawfully authorized. Mechem on Agency, secs. 145, 149; Briggs v. Partridge, 64 N. Y., 364.

In this case, as the act of Langley has been ratified and confirmed by Cameron & Co., and as they have received and accepted the benefits of the performance by Rutherford, they should be held liable as principals

in the deed executed by Langley to Rutherford. This deed contained a clause of general warranty, and to this contract of warranty Cameron & Co. must be deemed to be parties. As the covenant of warranty runs with the land, it inures to the benefit of Ponder, the last vendee. Mechem on Agency, sec. 702; Washburn on Real Property, vol 3, 502, et seq.

We conclude that a proper disposition of this appeal (and practically of the case) requires that we reverse the judgment and remand the cause, with instructions to the court as follows: 1. That it render judgment as on the former trial in favor of the appellee Montgomery for the full amount of the note involved and all costs, with a decree of foreclosure in his favor against both lots; 2. That it order the sale, as on the former trial, first of lot 3 and afterwards of lot 4, if necessary; 3. That it render judgment in favor of J. R. Ponder against Wm. Cameron & Co. for such amount as shall remain unpaid upon the note, principal, interest, attorney's fees and costs, after the sale of lot 3; disposing of the remaining parties to this record in such manner as to make the judgment in all respects final.

With these instructions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HUNTER, Associate Justice, did not sit in this case.