GILLILAND v. CLARK et al.

No. 34139.    June 19, 1951.

*233 P. 2d 288.*

David A. Kline, Oklahoma City, for plaintiff in error.

Sam L. Wilhite, Anadarko, for defendants in error.

JOHNSON, J. T. H. Gilliland, plaintiff in error, was plaintiff in the trial court and M. R. C. Clark and Ella Mae Clark, defendants in error, were defendants and hereafter they will be referred to as they there appeared.

The record discloses that plaintiff purchased, with his own funds, the N. E. ¼ of section 19, township 9 north, range 12 west of the I.M., containing 160 acres more or less, taking title thereto in the name of his son-in-law, C. H. LeHew; that plaintiff personally entered into a written contract with the defendants for the sale of said real estate to them on the 24th day of November, 1945, wherein he agreed to convey to defendants the above-described property by warranty deed, free and clear of all incumbrances, for $2,-500, payable as follows:

" . . . Five Hundred Dollars ($500) cash upon approval of title, to be left in trust with W. F. Taylor, Agent, of Carnegie, Oklahoma. Three Hundred Dollars upon delivery of title and deed to party of the second part, Two Hundred Fifty Dollars ($250) on November 24th, 1947, Two Hundred Fifty Dollars ($250) on November 24th, 1948, Two Hundred Fifty Dollars ($250) on November 24th, 1949, Two Hundred Fifty Dollars ($250) on November 24th, 1950, Two Hundred Fifty Dollars ($250) on November 24th, 1951, Four Hundred Fifty Dollars ($450) balance to be paid on November, 1951, with interest of five per cent (5%) per annum, payable from November 24th, 1945. . ."

Defendants were to have possession of the premises on the 1st day of January, 1946; that defendants could pay all or any part over the amount of the notes at any time; that plaintiff retained all mineral rights in the north half of the described lands.

At the time of entering into the contract, plaintiff placed in escrow the contract and a warranty deed made to

defendants covering the property described in the contract, which deed was executed by C. H. LeHew et ux. Thereafter, plaintiff was paid a part of the purchase price of said premises and took notes from defendants payable to him for the balance secured by a real estate mortgage on said property.

On January 6, 1947, plaintiff commenced this action by filing a petition seeking judgment upon the notes and for foreclosure of the mortgage given to secure the payment thereof. Defendants filed a general denial and a plea of tender of what they believed due plaintiff on said notes at the time of the tender and a cross-petition for damages for breach of warranty.

Trial was had, resulting in a verdict and judgment for defendants. On April 30, 1948, the court granted plaintiff a new trial and gave defendants time to file new pleadings.

Defendants filed an amended answer and cross-petition. The answer contained a general denial and a plea of tender. The amended cross-petition alleged:

"That in pursuance of said contract and on said 24th day of November, 1945, C. H. LeHew and Cora LeHew, husband and wife made, executed and thereafter delivered unto these defendants a warranty deed to said above described real estate, with the exception and reservation of all the minerals upon the North Half (N ½) of the Northeast Quarter (NE ¼) of section Nineteen (19), Township Nine (9) North, Range Twelve (12) West I.M. as aforesaid; that said deed was filed for record on January 11, 1946. . .

"That, in violation of said written contract, and of the warranty contained in said deed, this plaintiff caused his agent, C. H. LeHew, to make, execute and deliver a certain oil and gas lease upon the above described premises on November 23, 1945, the said lease having been made in favor of A. P. Soper, which lease was recorded on November 27, 1945, . . .

"That, in violation of the warranty of said deed, and . . . of the contract for said deed, said plaintiff, through his said agent, wrongfully leased said premises for oil and gas mining purposes, to the damage and detriment of these defendants in the amount of $800.-00; said oil and gas mining lease being of the reasonable value of $10.00 per acre on the date of the execution of said warranty deed, as aforesaid.

"That, by reason of the facts and circumstances . . . defendants were damaged by the plaintiff in the amount of $800.00. . .

"Wherefore, . . . defendants pray judgment against plaintiff, T. H. Gilliland, for the sum of $800.00. . . and further relief to which they may be entitled."

The plaintiff filed a motion to strike that part of the cross-petition of defendants pertaining to the alleged breach of warranty, to wit:

". . . to the damage and detriment of these defendants in the amount of $800.00, said oil and gas mining lease being of the reasonable value of $10.00 per acre on the date of the execution of said warranty deed, as aforesaid.

"And for grounds of this motion plaintiff says that the allegations are irrelevant, incompetent and immaterial, as well as prejudicial, for the reason that they do not set forth the true measure of damage as to incumbrances of an oil and gas lease; that the measure of damage is fixed by statute and which is as follows:

"Okla. Anno. Statutes, Title 23, Sec. 25. Breach of covenants in grants.

"The detriment caused by the breach of covenant of warranty in a grant of real estate, is deemed to be:

"1. . . if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property."

On the same date plaintiff filed a motion to require defendants to make their cross-petition more definite and certain in the following particulars:

"(1) To attach a copy of the contract referred to dated November 24th, 1945.

"(2) To state the date when said warranty deed mentioned in said cross-petition was delivered to defendants, executed by C. H. LeHew and Cora LeHew.

"(3) To elect whether defendants are holding plaintiff liable on said contract, or on said warranty deed."

Thereafter, on June 11, 1948, the motion to make more definite and certain and motion to strike were heard. The court sustained the request to attach a copy of the contract to the cross-petition, overruled the request to elect (No. 2) to which plaintiff excepted. The court found that No. 3 was disposed of by the parties agreeing that the contract of sale was merged in the deed and that the suit is on the warranty in the deed.

The motion to strike was overruled and exceptions saved.

Plaintiff then filed a demurrer to the cross-petition on the grounds that it did not state a cause of action, which, also was overruled and exceptions saved.

The record discloses that on December 7, 1948, a pre-trial conference was held, to wit:

"At a pre-trial conference held prior to the empanelling of a jury, it was stipulated and agreed by and between the parties hereto that all of the allegations of the plaintiff's petition in regard to the foreclosure are admitted by the defendants, and defendants plead in the way of answer and cross-petition plaintiff is entitled to recover less any damages to the defendants, if any, and except the court costs, attorneys fees and interest after date of tender, if a sufficient tender was made.

"That the measure of the damages is a breach of warranty of the deed at the time of the delivery of the deed on January 30, 1946; that the contract and deed were dated November 24, 1945, and that the oil and gas lease was dated November 23, 1945, and placed of record November 27, 1945.

"That in all matters involving J. A. Buchanan he was acting as agent and doing what he did for and on behalf of the defendants, M. R. C. Clark and Ella Mae Clark, and that all matters involving herein the plaintiff, T. H. Gilliland, acted as agent, doing what he did for and on behalf of C. H. LeHew and Cora LeHew, his wife.

"Plaintiff's mortgage, notes and tax receipts, Exhibits 'A' through 'G', inclusive, are offered and introduced as evidence, which is agreeable with defendants' attorney, Mr. Sam L. Wilhite."

Thereupon the cause proceeded to trial to a jury, which returned the following verdicts (caption omitted):

"We, the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find that the defendants made a sufficient tender on the 1st day of June, 1946, and that plaintiff is not entitled to any interest, costs or attorneys' fees after that date.

"We, the jury empaneled and sworn to try the issues in the above entitled cause, do, upon our oaths, find that the defendants were damaged by the breach of warranty in the sum of $800.00."

The plaintiff excepted to the verdicts, which exceptions were overruled and saved.

The court approved the verdicts and rendered judgment thereon. Thereupon the plaintiff moved for a new trial for the following reasons:

"(1) That said verdict and judgment are not sustained by sufficient evidence and are contrary to the law.

"(2) That said verdict and judgment are contrary to the weight of the evidence.

"(3) That the evidence shows the verdict and judgment for the sum of $800.00 is greater than the value placed upon the oil and gas lease with which the property involved herein was incumbered, and more than the damage alleged in the cross-petition of defendants. That the evidence shows defendants obtained the sum of $5.00 per acre for a lease on said property in addition to the sum of $800.00 sued for herein, in their cross-petition.

"(4) Error of law occurring at the trial, and excepted to at the time by plaintiff.

"(5) That the court erred in not sustaining the demurrer of plaintiff to the cross-petition of defendants for the reason that the same did not state facts to constitute a cause of action against plaintiff."

The assignments of error are substantially the same as the alleged grounds in the motion for a new trial, and are presented under the following contentions:

"(1) The court erred in overruling the motion of plaintiff to strike certain allegations from the amended cross-petition of defendants, to wit:

"(2) The court erred in overruling the demurrer of plaintiff to the amended cross-petition of defendants for the reason that the same did not state facts sufficient to constitute a cause of action against plaintiff.

"(3) Error of law occurring at the trial and excepted to by plaintiff.

"(4) The court erred in overruling the motion of plaintiffs for a new trial."

The crux of this lawsuit is, first, whether an action on cross-petition may be maintained for breach of covenants of title against incumbrances by a cross-petitioner, as grantee, against the holder of the equitable title to the property which has been conveyed to cross-petitioner by the holder of the legal title, as grantor, where such grantor held the legal title merely for the purpose of conveying according to the direction of the equitable title holder, who admittedly received the $2,500 consideration recited in the deed.

We are of the opinion that such an action may be so maintained and that the motion to strike and the demurrer were properly overruled.

In Maupin, on Marketable Title to Real Estate (3d Ed.) Covenants of Warranty §140, it is stated:

"A grantor who held title merely for the purpose of conveying according to the direction of other persons and who did not receive the consideration recited in the deed, is not liable for a breach of the covenants of title therein contained. (Citing Deaver v. Deaver, 137 N. C. 240; 49 S. E. 113) . . .

" . . .

"In a Texas Case (Citing Rutherford v. Montgomery, 14 Tex. Civ. App. 319, 37 S. W. 625) it appeared that an agent bought land and conveyed it with warranty in his own name to one who was ignorant of the agency. (and) It also appeared that the agent was not authorized to convey the land and warrant the title. Nevertheless, it was held that the principal, by collecting the purchase-money notes, ratified the transaction, and thereby became liable on the warranty in the agent's deed."

In the case at bar there was a contract of sale between grantee and plaintiff, the equitable owner, covering the property involved, and plaintiff was the recipient, under the contract, of $800 down payment on the property from the grantee, cross-petitioner. He was the payee of $1,700 in notes, from grantee, secured by a mortgage on the property, representing the balance of the purchase price, the subject matter of this action, which was conveyed to grantee, cross-petitioner, by a warranty deed from the legal title holder, at the direction and for the benefit of the plaintiff, the equitable title holder.

However, plaintiff insists that a covenant in a deed cannot be sued upon by a person who is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made, and that by reason of this rule, the cross-petition did not state a cause of action. To support this, he quotes from and cites Brady v. Bank of Commerce of Coweta, 41 Okla. 473, 138 P. 1020 and Bowling v. Benge's Estate, 21 Ky. L. R. 1424, 55 S. W. 422. Asserting that in pursuance of the contract (between cross-petitioner and plaintiff) C. H. LeHew et ux. made and executed a warranty deed to the defendants, and thereafter they delivered said warranty deed to the de-

fendants; that plaintiff signed the contract but did not sign the deed; that it is not plaintiff's deed; that the contract merged in the deed, and any action must be brought on the covenant of the warranty in the deed.

The facts in the cases cited are so dissimilar to the fact situation in the case at bar that the rules announced therein are not controlling here, and, for the reasons already stated, this contention is without merit.

The Brady case, supra, does not deal with the question of whether the defense of partial breach of warranty or breach of covenants against incumbrances can be interposed against the equitable owner of the land where the legal owner conveys the land as the agent of, and for the benefit of, the equitable owner, in accordance with the terms of a contract between the purchaser and the equitable owner.

The facts in the Bowling case, supra, are that one Benge purchased from Bowling a tract of land paying $300 cash consideration. A warranty deed was made to purchaser by one Hampton, the holder of the legal title. The land with other lands had been previously bought by Hampton and Bowling jointly and for some reason the title to the whole was made to Hampton, but the part sold and deeded to Benge was Bowling's part. At the time of the deed from Hampton to Benge there was a mortgage on the land with other lands which was known to Benge and he accepted the deed with full knowledge of the condition of the title. The mortgage was afterwards foreclosed and this action was brought against Bowling for breach of warranty. The trial court adjudged Bowling liable and Bowling appealed. Therein, in the opinion, the court said (Emphasis ours):

"It *is not contended that appellant ever executed any writing in regard to the land*. The answer states—and on demurrer must be taken as true—that at the time of the sale Benge was duly informed of the existence of the mortgage, which also covered another tract of land, and bought and paid for the land, and accepted the deed of warranty from Hampton with full knowledge that there was a mortgage, and that Hampton did not own or claim to own the land, but that appellant was the owner, and Hampton but held the legal title. We are of opinion that the answer presented a defense. Appellant, Bowling, made no warranty, and is not liable for a breach of warranty by Hampton. Benge accepted the deed of Hampton with full knowledge of the condition of the title, that appellant was the equitable owner of the land, and that Hampton was the mere holder of the title. If Benge desired to hold appellant on the warranty of title, he could easily have been joined in the deed to Benge. For some reason this was not done, and it seems clear that appellant is not liable for the breach of contract he was not asked to make, and did not make. Judgment reversed, and cause remanded, with directions to overrule the demurrer to the answer, and for further proceedings consistent herewith."

Second, was there a sufficient tender and did the evidence conclusively show that it was the duty of defendant to mitigate the damages by allowing plaintiff a credit of $400, the amount defendant received for an oil and gas lease on the property involved?

The record discloses that plaintiff received one dollar an acre ($80) for an oil and gas lease on the property involved; that he offered the $80 to defendants, but they refused to accept it and that he then returned the $80 to the lessee.

Admittedly the plaintiff, through the LeHews, gave an oil and gas lease to A. B. Soper for the sum of $80 and thereby incumbered said property as alleged; that the defendants objected thereto, and demanded a release of said lease; that nearly a year thereafter a release was given defendants and defendants thereupon gave the said A. B. Soper an oil and gas lease on said property and received $5 an acre or $400 as consideration therefor.

There was evidence tending to show that the value of the oil and gas lease on the property involved was of the value of $800 or more on January 30, 1946, the agreed date of delivery of the deed. It was agreed that if the defendant is entitled to any damages, the measure thereof would be the purchase price of the land, less its value by reason of the incumbrance, that is, the purchase price less the value of the oil and gas lease given in violation of the covenant of warranty against incumbrances and the jury was so instructed.

There is evidence that the defendants, on June 1, 1946, offered, and were ready to pay, plaintiff all that defendants thought was due on the notes and mortgage; that they did not pay at that time because plaintiff refused to give them a release of the alleged oil and gas lease; that thereafter, on Decemzer 19, 1946, defendant tendered a check to plaintiff by letter in the sum of $1,662.50 in payment in full of the $1,700 in notes. This was refused by plaintiff as not being the amount due him.

We are of the opinion that the evidence sustains the jury's finding that there was a valid tender on June 1, 1946, and that plaintiff was not entitled to any interest, costs or attorney's fees thereafter. However, we think that plaintiff was entitled to a credit of $400, the amount defendants received for the oil and gas lease on the property involved.

The judgment is affirmed on condition that defendants file a remittitur in the sum of $400 within 15 days from the receipt of the mandate herein by the trial court, otherwise, the judgment will be reversed and a new trial granted.

LUTTRELL, V. C. J., and GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.