Albert **LAWSON** et al., Plaintiffs in Error,

v.

H. E. **EARP** and Arlie Earp, his Wife, et al., Defendants in Error.

No. 37187.

Supreme Court of Oklahoma.

Dec. 26, 1956.

Rehearing Denied April 16, 1957.

Winfrey D. Houston, Stillwater, P. D. Erwin, Chandler, for plaintiffs in error.

Joe Young and William A. Vassar, Chandler, for defendants in error.

PER CURIAM.

The parties occupy the same relative position as in the trial court and will be referred to herein as they there appeared.

William T. Lawson was the owner of the NW¼ of Sec. 22, Twp. 16 North, Range 4 East, in Lincoln county, and the plaintiffs are his heirs. On February 28, 1931, William T. Lawson and Annie Lawson, his wife, conveyed the above described land to H. E. Earp for a valuable consideration, and the following reservation was made in the deed: "except that the parties of the first part herein reserve unto the said William T. Lawson, his heirs and assigns an undivided one-eighth (⅛) interest in and to

all the oil, gas and other minerals that may be produced from said premises, it being expressly understood that the said grantee herein, his heirs and assigns, has by virtue hereof full power and authority to lease the above described premises or any part thereof for oil, gas and other minerals and to have for his own use and benefit all rentals and bonuses therefrom and said lease shall have the same force and effect as though no reservation herein had been made."

At the time the above conveyance was executed the property was subject to two separate oil and gas leases, since released.

William T. Lawson died in the year 1942 and there is no question as to plaintiffs' ownership in equal shares of whatever interest the questioned clause reserved to Lawson.

It is apparent that a dispute arose between the plaintiff, Albert Lawson, and the defendant, H. E. Earp, as to the interest owned by the Lawson heirs under the reservation clause. Thereafter, this suit was instituted by plaintiffs to quiet their title to an undivided ⅛ interest in and to all the oil, gas and other minerals that may be produced from said premises. The defendants filed an answer and cross-petition by way of general denial and alleged that, it was intended as between grantors and defendant H. E. Earp, that grantors were only reserving an ⅛ interest of the landowner's share in non-participating oil and gas royalties in said lands; that said deed was ambiguous and not fully clear; that it should be reformed to speak the true intention and agreements of the parties, and further pleaded adverse possession for more than fifteen years. Plaintiffs filed reply by way of general denial, further pleading as a bar to defendants' answer and cross-petition the two year, three year, five year and fifteen year statutes of limitations.

Thus, we note that the defendants claim the cause is ambiguous while plaintiffs claim that it is not. Over the objections of the plaintiffs, the defendants were permitted to introduce evidence by a real estate agent purporting to be the one who handled the sale of the property, as to what the intent of the grantors was at the time of the execution of the conveyance some twenty-three years prior to the filing of the instant action.

■ The rule in this jurisdiction relating to the admission of parol evidence to vary the terms of written instruments is so well established that we deem the citation of authority unnecessary. We have consistently held that, if a clause is ambiguous, it is proper for the court to admit evidence as to what the parties intended by the language used. Also, if it is not ambiguous, it is not proper to admit or consider such evidence.

Having fully examined the questioned reservation clause herein and giving effect to every word therein, we can come to only one conclusion, that is, that the clause in question is not ambiguous and it was error for the court to admit or consider the testimony of defendants' witness in relation to the terms of the conveyance.

■ Having thus concluded we must of necessity be governed by the language of the deed.

Without the testimony, which we have held it was error for the court to consider, the factual situation here presented is almost identical as that presented to this court in the case of Armstrong v. McCracken, 204 Okl. 319, 229 P.2d 590. In that case in construing an almost identical reservation clause we cited and followed the cases of Myers v. Hines, 149 Okl. 232, 300 P. 309; and Gardner v. Jones, 198 Okl. 691, 181 P. 2d 838, 840. Therefore, the opinion in the Armstrong case is hereby adopted as the opinion in the instant case, with reference to the construction of the clause in question.

The judgment is reversed, with instructions to the lower court to enter judgment for the plaintiffs, fixing their interest at ⅛ of all oil, gas and other minerals that may be produced from the land in question, and quieting their title to said interest.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., dissents.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners Crawford and Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.