William S. MURPHY and Lillian Murphy,
Plaintiffs in Error,

v.

W. V. EARP and Elsie M. Earp, his wife, H. E. Earp and Arlie Earp, his wife, Wiley L. Nicholas, Carl J. Herrman, and Davidor and Davidor, a co-partnership composed of Harold Davidor and Robert H. Davidor, Defendants in Error.

No. 39716.

Supreme Court of Oklahoma.

May 14, 1963.

Rehearing Denied June 18, 1963.

P. D. Erwin, Chandler, for plaintiffs in error.

Joseph Young and Joseph Young, Jr., Chandler, for defendants in error H. E. Earp and Arlie Earp.

Richard James, Stroud, for defendant in error Wiley L. Nicholas.

Brown & Brown, by Paul Brown, Oklahoma City, for defendants in error Davidor and Davidor.

DAVISON, Justice.

The parties to this appeal occupy the same relative positions as in the trial court and will be referred to as they there appeared.

Plaintiffs (William S. Murphy and Lillian Murphy) filed suit to quiet their title to a ⅟₁₆ interest in the oil, gas and other minerals in and being produced from a quarter section of land in Lincoln County, Oklahoma, and if failing in this, then for an alternative judgment for the consideration paid for such interest in the amount of $500. There was no allegation or prayer for cancellation or rescission of the mineral deed by which plaintiffs acquired their mineral interest. The defendants were plaintiffs' grantors (W. V. Earp and Elsie M. Earp) and persons who were in the chain of title or owned other mineral interests, including Davidor and Davidor as lessees of the various mineral interests in the tract of land. The judgment of the lower court denied plaintiffs' prayer to quiet title and rendered judgment against

W. V. Earp and Elsie M. Earp for $400 after crediting the $100 bonus paid to plaintiffs when they gave an oil and gas lease to Davidor and Davidor.

There is little, if any, dispute as to the factual situation. In 1931 one William T. Lawson owned the tract of land and conveyed the same to H. E. Earp with a reservation of ⅛ of all the oil, gas and other minerals produced from the premises, and vesting in the grantee, his heirs and assigns, the power and authority to give oil, gas and mineral leases as to all the minerals and keep the rentals and bonuses. Thereafter by mesne conveyances the title and interest of H. E. Earp in the minerals was vested in various persons, some being defendants herein, so that in 1944 W. V. Earp owned ⅛ of the minerals, and in 1953 he and his wife (Elsie M. Earp) conveyed by mineral deed ⅟₁₆ of the minerals to the plaintiffs. A dispute as to the extent of the mineral interest reserved by Lawson was terminated by our decision in Lawson v. Earp, Okl. (1956), 309 P.2d 721. All of the parties to the present action were defendants in the Lawson case with the exception of Wiley L. Nicholas and Davidor and Davidor. In the cited case we held that the mineral interest reserved by Lawson was ⅛ of the total of all oil, gas or other minerals that may be produced from said lands. Pursuant to the mandate in the cited case the trial court rendered judgment accordingly and adjudged that none of the other owners of mineral interests (including plaintiffs) had any right or title in or to the mineral interest reserved by Lawson.

After the decision in the Lawson case the leases were secured by Davidor and Davidor from the mineral owners including an oil and gas lease from the plaintiffs. Some of the leases provide lessors shall have an override in the working interest. The lease given by plaintiffs does not so provide. Oil is being produced from the leased premises. It is the position of plaintiffs that they are the owners of ⅟₁₆ of the minerals and that the provision for ⅛ of the production of royalty to them in the lease to Davidor and

Davidor entitled them (plaintiffs) to their proportionate share of the ⅛ royalty.

Plaintiffs complain they are not receiving any of the ⅛ royalty as provided in their lease. We interpret their quiet title suit as intended to remove any objection to their participation. The trial court in refusing to quiet plaintiffs' title denied them any royalty participation. The action of the trial court was based upon the circumstances and not by reason of any contention that plaintiffs did not own 1/16 of the minerals. Under the lease to the Davidors it was agreed that plaintiffs were to receive as royalty their proportionate share of ⅛ of the production and that the Davidors were to receive the rest or ⅞ of the production for their efforts and expense in producing the oil. The lease contained the usual warranty of title and the plaintiffs received a bonus consideration of $100 for leasing to the Davidors. At the time the lease was made the Lawson reservation was of record and had been interpreted and found by this court (supra) to be an interest entitling Lawson and his successors to ⅛ of the total of all oil, gas and other minerals produced from the lands. The plaintiffs were parties to that suit and gave their later lease subject to the legal effects of our decision in Lawson v. Earp, supra. The lease does not contain any provision evidencing an intent to reserve to plaintiffs any part of the ⅞ working interest and to interpret the lease to have such effect would be contrary to the clear terms of the instrument.

■ In State of Oklahoma ex rel. Commissioners of Land Office v. Couch, Okl., 298 P.2d 452, we stated:

"[T]he paramount rule in the interpretation of contracts is to ascertain the intention of the parties and give effect to the same, if it can be done consistently with legal principles. This rule is applicable to the interpretation of an oil and gas lease."

■ It is our conclusion that under these circumstances and regardless of the royalty provisions of their lease, the plaintiffs are not entitled to participate in the production.

Plaintiffs further contend that they are also entitled to a money judgment against prior grantors in their chain of title (other than plaintiffs' immediate grantors) by reason of the alleged breach of warranty of title in said grantors' instruments of conveyance. The basis of this contention is that in spite of the reservation in favor of William T. Lawson the instruments of conveyance warranted the title without excepting the Lawson reservation. Plaintiffs rely on 23 O.S.1961 § 25, providing in part that the detriment caused by the breach of a covenant of warranty is deemed to be the price paid to the grantor. Our discussion of this contention will not reflect the chain of title.

In 1936 H. E. Earp and Arlie Earp conveyed the lands by warranty deed to W. V. Earp. This deed specifically excepted from the conveyance the ⅛ interest in the minerals reserved by William T. Larson in his deed to H. E. Earp, described such deed by book and page of recording, and by reference made said deed a part of the conveyance. Under these circumstances there was no breach of warranty and no liability to plaintiffs on the part of H. E. Earp and Arlie Earp.

■ In 1944 Wiley L. Nicholas conveyed a ⅛ interest in the minerals to W. V. Earp by mineral deed without exceptions and with covenants of warranty. Wiley L. Nicholas was not a party to the prior action of Lawson v. Earp, supra, and testified he had no notice of such suit. The record does not reflect any proof that plaintiffs notified or tried to notify Wiley L. Nicholas of the pendency of such action or requested him to defend against such action as required by 16 O.S.1961 §§ 22 and 23. Under the provisions of these sections the failure to comply with the requirements thereof bars plaintiffs from recovering against Wiley L. Nicholas on the latter's warranty. See Lasswell v. Prairie Oil & Gas Co., 173 Okl. 278, 47 P.2d 598.

■ Plaintiffs made the further contention that the trial court erred in limiting their judgment against W. V. Earp and

Elsie M. Earp to $400. These defendants conveyed the mineral interest to plaintiffs. They filed no brief. The trial court arrived at the above amount by deducting the $100, paid by Davidor and Davidor to plaintiffs for the oil and gas lease, from the $500 paid by plaintiffs for the mineral interest. The action of the trial court was correct. In Gilliland v. Clark, 204 Okl. 608, 233 P.2d 288, where the action was for damages for breach of covenant of warranty of title we held that the grantor was entitled to have the damages mitigated to the extent of the amount received by the grantee for an oil and gas lease on the property.

Affirmed.

HALLEY, V. C. J., and WELCH, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.