MANLEY et al. v. BOLING et al.

*96 P. 2d 30.*

No. 28270. Nov. 14, 1939.

J. Hugh Turner, of Oklahoma City, for plaintiffs in error.

Creekmore Wallace and Don Anderson, both of Oklahoma City, for defendants in error.

HURST, J. Plaintiffs, S. R. Boling and Leona Boling, brought this action against defendants H. I. Manley and Manley Oil Leasing Company to quiet title to lands in Oklahoma county. The cause was tried to the court on an agreed statement of facts, and judgment was for defendants, decreeing them to be the owners of an undivided 1/16 interest in the oil and gas under such lands, such interest terminating December 2, 1939, unless before that date oil or gas was produced from the land, in which event the duration of such interest would be coextensive with such production. From this judgment defendants appeal, asserting that they own a larger interest than the court gave them.

Defendants assert ownership of an undivided 1/16 of all the oil and gas in and under two 40-acre tracts owned by plaintiffs by two conveyances which are identical in form, made by predecessors in title of plaintiffs. Omitting clauses usually found in oil and gas leases, which have no bearing on the interest conveyed, the contracts read as follows:

"Royalty Contract.
"Know all Men by These Presents: That this conveyance, made and entered into the 21st day of October, 1924, by and between John F. McMullen and Mrs. A. A. McMullen, his wife, Edmond, Oklahoma County, Oklahoma, parties of the first part, and the Manley Oil Leasing Company, an Express Trust, of Oklahoma City, Oklahoma, party of the second part, witnesseth:

"The parties of the first part, being the owners of merchantable title in fee of the following described lands, situate in the county of Oklahoma, State of Oklahoma, to wit: (describing land)

"For and in consideration of the sum of One Dollar cash in hand paid by party of the second part, and 2,000 shares of the Manley Oil Leasing Company, an Express Trust, shares of no par value, receipt of which is hereby acknowledged by first parties, do hereby grant, bargain, sell and convey to the party of the second part the undivided one-sixteenth (1/16) of all the oil, gas and other minerals in and under the aforesaid lands, and which may be found therein, or produced therefrom, together with the right to go upon said lands and prospect the same for oil, gas and other minerals, and to have the use of sufficient of the surface thereof as may be reasonably necessary to prospect or drill said lands, and for the developing, saving and conveying therefrom all oil, gas or other minerals found therein.

"To have and to hold the said interest in said lands and such easement in the use of the surface thereof, to said party of the second part, their successors, heirs or assigns, for 15 fifteen years from date hereof, and the parties of the first part warrant the title thereto, * * *

"If oil or gas is found before fifteen years this contract remains in force as long as oil or gas is produced.

"Witness our hands this 21st day of October, 1924.
"John F. McMullen
"A. A. McMullen."

Some time after the execution of these contracts defendants and the then owner of the land, who was one of the grantors in the contracts, joined in an oil and gas mining lease covering both tracts of land, which provided that such owner should receive all delay rentals, but that she should receive only one-half the royalty, and defendants the other half, the total royalty reserved in the lease being one-eighth of the oil produced, and $50 per

annum per well for gas. It is stipulated that there has been no production of oil or gas under this lease.

Defendants urge that the trial court erred in holding that by the contracts they acquired only 1/16 of the mineral interest, or 2½ royalty acres, under each tract. They contend that a conveyance of 1/16 of the oil in place is equivalent to a conveyance of ½ of the royalty interest. This argument apparently proceeds upon a misconception of the nature of the interest conveyed, or is based upon the confusion of a mineral interest in lands with an interest in the royalty reserved in an oil and gas mining lease. While it is true that one-half of the ⅛ royalty ordinarily reserved in an oil and gas lease is 1/16, it does not follow that the purchase of 1/16 of the oil and gas in and under land entitles the purchaser to one-half of the royalty reserved in a lease thereon. Ordinarily, where owners of mineral interests join in the execution of an oil and gas lease, granting to the lessee ⅞ of the oil, their interests are proportionately reduced, so that in order to share equally in the royalty reserved, the estates of the respective lessors in the minerals must have been the same. Thus, if a party purchased 1/16 of the minerals, and joined with the owners of the remaining 15/16 in a lease reserving a ⅛ royalty, his share in such royalty would be 1/16 of such ⅛, in the absence of any agreement to share in different proportions. And the result would be the same if at the date of the purchase of the mineral interest the land were subject to an oil and gas lease. The purchaser's interest in the royalty reserved therein would be in the exact proportion that his interest in the minerals bore to the whole mineral estate.

The royalty contracts convey, in plain terms, 1/16 of the minerals under the tracts of land therein described. The fact that in the oil and gas lease subsequently executed the royalty reserved was equally divided between the then owners of the minerals, standing alone and unexplained by other evidence, cannot be held to be a construction of the contracts so as to enlarge or increase the interest of defendants as shown by the plain and unambiguous language of the granting and habendum clauses thereof. Jennings v. Amerada Petroleum Corporation (1937) 179 Okla. 561, 66 P. 2d 1069. Under the lease, defendants' grantor was to receive all delay rentals, and the parties were to share equally in the royalty reserved, but such agreement would not vary the plain terms of the contracts, nor affect the rights of plaintiffs as subsequent purchasers, except their right to share in the royalty in event of production of oil or gas under that particular lease. In fact, defendants do not contend that the lease in any manner tended to enlarge the grant, but rely upon it as evidence showing that their purchase of 1/16 of the minerals entitled them to ½ of the royalty, which we have heretofore held it did not.

Nor do we consider the letter written by plaintiff S. R. Boling, after the filing of this action, offering defendants a stated sum for a quitclaim deed in order that plaintiffs might dispose of a portion of the royalty under this land and deliver clear title, an admission that defendants were the owners of one-half of the oil and gas under the land. While the letter admits that defendants have an interest in the minerals, the amount of such interest is not stated, and the letter is patently an offer of compromise and settlement of pending litigation.

Defendants' further contention that the action is barred by the statute of limitation, and by laches, is supported by no authorities, and is without merit.

Affirmed.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.