FRY v. SMITH et al.

No. 34250.   Oct. 16, 1951.

*236 P. 2d 699.*

Harry C. Kirkendall, Enid, for plaintiff in error.

Simons, Simons, Mitchell, Headrick & Munn, Enid, for defendants in error T. T. Eason, John R. Wilver, and Harry McInnis.

J. Wilford Hill, Cherokee, for defendants in error J. M. Smith and Clara Crain.

Scarritt & Champlin, Enid, for defendant in error Peppers Refining Company.

HALLEY, J.  Weston F. Fry was the owner of the E/2 of SE/4 of sec. 12, twp. 20 north, R. 4 west, Garfield county, Oklahoma, and on November 17, 1919, he executed and delivered to F. C. White an instrument entitled "Conveyance of Oil and Gas Royalty", in which the following statement was contained:

"That for and in consideration of the sum of One ($1.00) Dollars, and other valuable consideration, the receipt of which is hereby acknowledged, the parties of the first part hereby sell, assign, grant, transfer and convey unto the party of the second part, his heirs and assigns, an undivided one-half of an undivided one-eighth part, being one-sixteenth (1/16) of all the oil and gas beneath the surface of the ground in and upon the following described real estate in Garfield County, Oklahoma, to-wit:  The East Half of the Southeast Quarter of Section Twelve (12), Township Twenty (20) North and Range Four (4) W.I.M., and which oil and gas may be produced hereafter from said tract of land by any party or parties whomsoever, and the party of the second part to have and to hold the said share in such oil or gas delivered to his credit in the pipe line connected by him to the wells, free of cost. Second party is to have the right to enter upon said premises for the purpose of receiving and transporting his share of said oil or gas, as herein provided; but said second party shall have no interest in the leasing of said premises, nor in any consideration received by the parties of the first part on account of any lease or leases made by them for the development of said tract of land for oil and gas."

This conveyance was for 40 years from November 17, 1919. On May 22, 1926, Fry executed another conveyance of mineral interest to John R. Wilver for a period of 25 years from that date, in which the following language was used:

"Whereas, the said Weston F. Fry desires to sell an undivided one sixty-fourth (1/64) interest in and to all of the oil, petroleum, gas, coal, asphalt and all other minerals produced from said premises above described, and second party desires to purchase the same,

"Now, Therefore, for and in consideration of the sum of One Dollar ($1.00) and other good and valuable considerations, paid to the said party of the first part by party of the second part, grantee herein, the receipt of which is hereby acknowledged, the said Weston F. Fry does hereby grant, bargain, sell and convey unto the said party of the second part, his heirs, successors and assigns, an undivided one sixty-fourth (1/64) interest in and to the oil, petroleum, gas, coal, asphalt and all other minerals, produced and saved from the following described lands, to-wit:

"Southeast Quarter (SE/4) of Section Twelve (12) Township Twenty (20) North, Range Four (4) W.I.M., Garfield County, Oklahoma.

"It is expressly understood and agreed by and between the parties hereto that the grantee is buying and the grantor is selling a one sixty-fourth (1/64) interest in and to all of the oil, petroleum, gas, coal, asphalt and all other minerals, produced from said lands above described, and that the grantee does not in any wise become the owner of any part or any interest in the lands above described and the only right he acquired hereunder is the right to share in the production of said oil, petroleum, gas, coal, asphalt and all other minerals produced from said lands when such oil, petroleum, gas,

coal, asphalt and all other minerals have been brought to the surface of the ground.

"The party of the second part by the acceptance of this instrument expressly recognizes the right and reservation of the owner of the lands above described to execute and sell oil and gas leases or other mineral leases without the concurrence of the party of the second part joining in or signing such lease and second party expressly waives the right to participate in the sale, execution or delivery of oil and gas leases or any other mineral leases on said land."

The defendants J. M. Smith, Clara Crain, Harry McInnis, Helen Barrett Wood, and Peppers Refining Company claim through the conveyance of Fry to F. C. White, and defendants T. T. Eason and John R. Wilver claim through the conveyance by Fry to Wilver. The plaintiff seeks to have these conveyances construed.

It is plain to us that the conveyance from Fry to White conveyed to White one-half of the one-eighth royalty, or one-sixteenth of all oil and gas beneath the ground in and upon the real estate described therein, when actually produced. The plaintiff's contention that this was a transfer of one-sixteenth of one-eighth would be contrary to the plain wording of the instrument. Were it not for the provision "an undivided one-half of an undivided one-eighth part, being one-sixteenth of all the oil and gas beneath the surface of the ground in and upon . . . ," and the further provision, "and which oil and gas may be produced hereafter from the said tract of land *by any party or parties* whomsoever, and the oil and gas delivered to his credit in the pipe line connected by him to the wells, free of cost", the cases of Manley v. Boling, 186 Okla. 59, 96 P. 2d 30, and Swearingen v. Oldham, 195 Okla. 532, 159 P. 2d 247, might apply, but they cannot apply in face of such plain language and of our holdings in Gardner v. Jones, 198 Okla. 691, 181 P. 2d 838; Armstrong v. McCracken, 204 Okla. 319, 229 P. 2d 590, and Carroll v. Bowen, 180 Okla. 215, 68 P. 2d 773.

We also think that the granting clause in the conveyance from Fry to Wilver is perfectly clear. The plaintiff thought this should be 1/64 of 1/8. This clause is similar to the one found in the "Grant of Oil and Gas Rights" which was considered by us in Gardner v. Jones, supra, where we held that the one-sixteenth conveyed was one-sixteenth of all oil, gas, or other minerals that might be produced, and not one-sixteenth of one-eighth, and the same conclusion was reached by us as to similar language in a reservation in a deed under consideration in Armstrong v. McCracken, supra. There can be no other conclusion than that in the sale of royalty by Fry to Wilver, Wilver was to receive one-sixty-fourth of all the oil and gas and other minerals produced, and, as said in one clause, the only right he acquired was the right to share in the production of oil, petroleum, gas, coal, asphalt, and all other minerals produced from said lands when such oil, petroleum, gas, coal, asphalt, and all other minerals have been brought to the surface of the ground. This case is distinguishable from Swearingen v. Oldham, supra, in that in the case at bar the interest conveyed included oil and gas and other minerals produced, while in the Swearingen case it was the oil and gas and minerals that were conveyed, and if a lease were given the owner of the minerals would share in the royalty in the same proportion that he shared in the oil and gas and minerals; and in that case, as was pointed out in Armstrong v. McCracken, supra, a lawyer testified he told the parties that the seller was retaining a one-sixteenth of the one-eighth interest. No such evidence was offered in the case now under consideration.

The judgment of the trial court is correct and is hereby affirmed.