ELLIOTT v. BERRY et al.

No. 34407.  June 17, 1952.

*245 P. 2d 726.*

F. Leonard Sibel, Hal D. Leaming, and Sidney P. Upsher, Oklahoma City, for plaintiff in error.

Carl H. Livingston, Tulsa, for defendants in error.

PER CURIAM.  On December 15, 1948, J. R. Elliott filed this action against Aaron S. Berry, trustee, et al. to quiet title to an undivided 15/16ths mineral interest in 50 acres of land in Payne county. Judgment was entered for defendants, and plaintiff has appealed. The parties will be referred to as they appeared in the trial court.

The principal question for determination is whether the contract and royalty deed hereinafter referred to operated to convey an undivided 1/16th mineral interest to defendants' predecessors in title, as plaintiff contends, or a perpetual nonparticipating 1/16th royalty interest, as defendants contend and the trial court held.

On December 17, 1921, plaintiff entered into a written contract with Adolph Frankel and William Berry to sell and convey to them, for $1,900, "an undivided 1/16th royalty interest in all of the oil, gas, coal and other minerals now or at any time hereafter lying in or under the following described tract of land . . ." Said contract further provided that an "Oil and Gas Royalty Deed" was to be deposited in escrow; that $1,000 of the purchase price was to be paid upon approval of title and the remaining $900 within 60 days after the building of a rig for the drilling of an oil and gas well at a location within 3,000 feet of the land in question. Said contract further provided *"that the 1/16th royalty interest conveyed as herein specified is to be conveyed permanently . . ."* Said contract recited *"that there is at this time an oil and gas lease upon said lands,"* and further provided that if said lease should terminate, *"parties of the second part are to have one-half of all*

*bonus money and one-half of all oil and gas rentals* derived from said lands after they have so paid the entire contract price; but it is specifically understood that parties of the first part reserve the right to lease said lands for oil and gas and other minerals upon such terms and under such conditions as may to them seem proper and the only interest of parties of the second part herein is to receive one-half of the actual cash moneys received as bonus or rental money upon said lands, after they have so completed payment of the contract price, and *an undivided 1/16th royalty interest in the oil and gas and other minerals actually produced from said land."*

On December 17, 1921, plaintiff executed an instrument designated as a "Royalty Deed" by the terms of which he conveyed to the said Adolph Frankel and William Berry "an undivided 1/16th interest in all of the oil, gas, coal and other minerals now, or at any time hereafter, lying in or under the following described tract of land . . ." and also, "an undivided 1/16th interest in all my rights, interest and estate under and by virtue of any oil and gas mining lease or other mineral lease now, or hereafter, existing upon said premises, or any part thereof, including all rents and royalties accrued and to accrue . . ." The last paragraph of said royalty deed reads:

"This deed is made pursuant to contract entered into by and between the parties hereto on the 17th day of December, 1921, which contract is recorded in the office of the register of deeds of Payne county, Oklahoma in _ . Misc. R. Page _____, and is hereby referred to and made a part hereof."

At the trial, plaintiff offered in evidence only said contract and royalty deed and rested. Defendants offered no evidence. The parties stipulated that defendants succeeded to all the rights of Adolph Frankel and William Berry under said contract and royalty deed.

Neither plaintiff nor defendant contended at the trial of this cause, nor do they now contend that said contract or royalty deed is ambiguous and that resort should be had to parol evidence, admissions against interest or other extraneous circumstances, to determine the intent of the parties. Consequently, the intent of the parties must be ascertained solely from the instruments themselves. Rogers v. Kinney, 122 Okla. 73, 250 P. 890; Carroll v. Bowen, 180 Okla. 215, 68 P. 2d 773. Plaintiff's contention that we should treat the conveyances subsequently made by Adolph Frankel as admissions against interest must be rejected for this reason and for the further reason that such conveyances are not included in the case-made and, therefore, cannot be considered by this court even though referred to in the aforesaid stipulation of the parties. Likewise, we must deny defendants' request to consider the market value of the interest in question in 1921 as no evidence was offered relative thereto and that is not a proper subject of judicial notice.

The contract and royalty deed must be construed together because the contract is expressly incorporated into the royalty deed. Shinn v. Buxton (C.C.A. 10) 154 F. 2d 629, cited by plaintiff, is not applicable because there the antecedent contract was not expressly incorporated into the mineral deed. The plaintiff cannot complain of this because at page 10 of his brief he states:

"Under construction contended for by plaintiff, there appears no variance between the antecedent contract and the mineral deed given in pursuance of same."

Moreover, we note that defendants relied on the contract to sustain the judgment of the trial court in canceling the option therein extended the original grantees to acquire a lease on the same terms and conditions as might be offered by third persons on the theory that said option was personal to the original grantees.

There are several provisions in the contract which are of assistance in our determination of the parties' intent. The term "royalty interest" or "royalty deed" is used a total of seven times. The contract contains a stipulation that there is an existing oil and gas lease upon the land. The purchasers were to become entitled to one-half of all bonuses and rentals as soon as they completed payment of the purchase price. In the seventh paragraph of the contract the intent of the parties is summarized in these words:

"The only interest of parties of the second part herein is to receive one-half of the actual cash moneys received as bonus or rental money upon said lands, after they have so completed payment of the contract price herein, and an undivided 1/16th royalty interest in the oil and gas and other minerals actually *produced* from said lands."

In Dixon v. Mapes, 181 Okla. 376, 73 P. 2d 1131, 1132, we said:

"A royalty is an agreed return paid for the oil, gas and other minerals, or either of them, reduced to possession and taken from the leased premises."

In Carroll v. Bowen, 180 Okla. 215, 68 P. 2d 773, 775, we said:

"The term 'royalty' in the strict sense is held to mean a share of the product or proceeds therefrom, reserved to the owner for permitting another to use the property."

Generally speaking, the term "royalty" is construed in the broad sense of denoting mineral rights when there is no oil or gas lease upon the property but is construed in the restricted sense of denoting an interest in the production when the property is under lease for oil and gas. Melton v. Sneed, 188 Okla. 388, 109 P. 2d 509; Purcell v. Thaxton, 202 Okla. 612, 216 P. 2d 574.

The decision in this case is controlled by our holdings in Gardner v. Jones, 198 Okla. 691, 181 P. 2d 838; Armstrong v. McCracken, 204 Okla. 319, 229 P. 2d 590; Fry v. Smith, 205 Okla. 222, 236 P. 2d 699. In Gardner v. Jones, supra, the instrument in question conveyed "an undivided 1/16th interest in and to all of the oil, gas and other minerals in, under and that may hereafter be produced" but the third paragraph of said instrument set forth specifically that the grantee should receive an undivided 1/16th part of any and all oil, gas or other mineral that may be *produced* from the land under a then existing or future lease. In Armstrong v. McCracken, supra, there was a reservation of "an undivided 1/16th interest in and to all oil and gas *produced* from the land above described." In Fry v. Smith, supra, the instrument in question conveyed "an undivided 1/2 of an undivided 1/8 part, being 1/16 of all the oil and gas beneath the surface of the ground in and upon the following described real estate . . . and which oil and gas may be *produced* hereafter from the said tract of land by any party or parties whomsoever . . ."

Plaintiff relies upon Manley v. Bowling, 186 Okla. 59, 96 P. 2d 30; Swearingen v. Oldham, 195 Okla. 532, 159 P. 2d 247, and Hinkle v. Gauntt, 201 Okla. 432, 206 P. 2d 1001. In our opinion, these cases are clearly distinguishable from the case at bar in that the interests reserved or conveyed were in the land and not in the production therefrom.

The judgment of the trial court is correct and is hereby affirmed.

This court acknowledges the services of Attorneys Fenelon Boesche, B. W. Griffith, and Alfred B. Knight, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, DAVISON, BINGAMAN, and O'NEAL, JJ., concur.