CASTEEL et al. v. CRIGLER et al.

No. 35313.

Supreme Court of Oklahoma.

Aug. 1, 1953.

ter section of land in Garfield County. The parties will be referred to in their order of appearance in the trial court.

In the trial it was agreed by all parties that plaintiffs are the joint owners, in fee simple, to the surface of the land and also joint owners of one-half of the gas and casinghead gas produced or to be produced therefrom. Defendants asserted ownership of various and different fractions of interests only in the oil produced and to be produced from the property. The parties are in disagreement as to the percentage of interest in the oil royalty owned by the plaintiffs. Plaintiffs asserted ownership of 14.15/32 of all oil in place. The court found that the property was under lease and adjudged plaintiffs to be co-owners in equal shares of 1/8 of 1/8 oil royalty interest, and further that plaintiffs were entitled to 1/2 of 1/8 royalty interest in gas and casinghead gas in accordance with the oil and gas lease and any unitization contract of record. Plaintiffs appealed.

The evidence consisted, almost entirely, of stipulations and deeds and other instruments of record.

Formerly the land was owned by Omega Murphy, who is now Omega Murphy Crigler, and the difference in her name appears in various conveyances. We shall refer to her as Crigler. On June 12, 1919, she executed a quit claim deed conveying the land to defendant T. L. Miller, hereinafter called Miller. Said deed contained the following recitals:

> "the party of the first part reserves, (and does not transfer, quit claim or assign) the Three Thirty Seconds (3/32) interest in all crude oil that may hereafter be produced, and saved from the land herein described.

> "This instrument is intended as a correction deed, and correctly sets forth the interest in crude oil reserved by the party of the first part, that being the only interest reserved or claimed by the party of the first part, or intended to be claimed or reserved by her, in this, or any former conveyance."

Elam & Crowley, Enid, for plaintiffs in error.

W. D. Jochems, Wichita, Kan., Geo. M. Green, Oklahoma City, H. P. White, Pawhuska, Luther A. Wells, Enid, Harlan Deupree, Oklahoma City, for defendants in error

DAVISON, Justice.

In this action, plaintiffs in error, as plaintiffs in the trial court, sought to quiet title to certain mineral interests in a quar-

The last mentioned recital was occasioned by the fact that there had been several conveyances between Crigler and Miller with varying recitals as to minerals reserved, and counsel and the trial court have referred to said deed as "the deed to end all deeds" designed to set forth the reservations intended between the parties. All interests claimed by the several parties to this action stem from this deed and subsequent conveyances.

On August 22, 1919, Crigler executed a quit claim deed to D. L. Cooley and W. H. Hills conveying an undivided 1/16 interest in all oil and gas under the land. This was the equivalent of 2/32 interest, leaving a net 1/32 in her name. In the instant action, Crigler contended that this deed was obtained by fraud, but the trial court found that there was no evidence to substantiate such contention, and we agree with that finding.

Numerous conveyances were made by Cooley and Hills and all defendants other than Crigler and Miller claim undivided fractional interests under such conveyances. Miller, who was plaintiffs' grantor, executed an oil and gas lease to Gulf Oil Corporation August 10, 1944.

It is admitted that all other defendants claiming mineral interests executed similar leases to Gulf, under which leases oil was produced in October 1948.

Miller conveyed to plaintiffs, by warranty deed, on January 26, 1948, with the following exception: "that this conveyance is made subject to all valid outstanding oil and gas leases, and the grantors hereby reserve to themselves, and do not convey, one-half of oil and gas royalties and interests owned by them on this date, ."

The trial court found that plaintiffs' interest was encumbered by a mortgage given to Miller in 1948, and further found that plaintiffs' title was subject to the outstanding oil and gas lease to Gulf at the time that they acquired their title. In the judgment, the court computed the fractional interests of all parties owning minerals on the basis of 1/8 owner's interest, provided in the lease, and quieted the title of each party in their respective fractional interests, so computed.

Plaintiffs say that the deed of June 12, 1919, from Crigler to Miller should be construed by this court so as to give Crigler as grantor only a 3/32 interest in the oil and not 3/4 of 1/8 of the total production under the lease, as held by the trial court. Plaintiffs cite Gardner v. Jones, 198 Okl. 691, 181 P.2d 838, as supporting their contentions. Under plaintiffs' theory all defendants, excepting Miller, would receive a total of 3/32 of 1/8 of the oil produced.

We do not agree with plaintiffs' contentions nor do we agree that the Gardner case is authority sustaining such contentions.

There is a variance between the factual situations of most of the cases cited by both plaintiffs and defendants from the facts in the instant case as well as in the language of the reservations under consideration.

The deed here conveyed all of the land to Miller with the exception that Crigler reserved and did not convey 3/32 interest in all of the crude oil that might thereafter be produced and saved from the land described. Nothing is said of "mineral interests", "oil in place", "royalty", "bonus", or "rentals", as such terms or some of them have been employed in various cases cited by the parties. We consider the case of Gardner v. Jones, supra, to be one sustaining the argument of defendants rather than plaintiffs.

We are convinced that in their argument plaintiffs are overlooking one important fact, and that is that subsequent to the deed from Crigler to Miller those parties and all other owners of minerals executed an oil and gas lease to the Gulf Oil Corporation. Therein all lessors agreed that 7/8 or 28/32 of the minerals should go to the lessee as its working interest. In the present suit, Miller recognized that fact, and accepted the judgment. He appears here as a defendant in error. Plaintiffs' deed from Miller was subsequent to the lease and contains the above quoted exception.

All parties agree that the judgment is correct, wherein it gives one-half of the gas and casinghead gas to plaintiffs and one-half thereof to Miller. The Crigler

deed made no reservation as to gas. Miller obtained the surface and all minerals except 3/32 of all of the oil produced and saved from this land. With 28/32 of all minerals conveyed to the lessee by the owners of the minerals and 3/32 of the oil only reserved to Crigler, Miller obtained the remaining 1/32 of the oil and all of the gas.

As heretofore stated, there are various factual distinctions in the cases cited by the parties. Probably the case most nearly applicable to the instant case is Armstrong v. McCracken, 204 Okl. 319, 229 P.2d 590. In that case, however, in addition to the reservation there were additional provisions as to the power to execute mineral leases and governing the bonus therefor. Therein we held:

"Where grantors execute a warranty deed which contains the following reservation: 'The grantors herein hereby reserve unto themselves from this conveyance an undivided 1/16th interest in and to all oil and gas produced from the land above described, giving full power to the grantees to execute and deliver oil and gas mineral leases upon such land without the concurrence therein or signatures thereto of grantors and waiving all right to participate in any bonuses paid for or extention payments under such oil and gas lease or leases,' the grantors are entitled to 1/16 of the oil and gas produced from said lands."

The recent case of Elliott v. Berry, 206 Okl. 594, 245 P.2d 726, 729, although not precisely in point by reason of the required construction of a "royalty" deed, is instructive in that a distinction is drawn between conveyances which by their terms convey an interest in land and those conveying an interest in the production from the land. Since the opinion discusses several cases which are cited by the parties in their briefs filed herein, we quote:

"The decision in this case is controlled by our holdings in Gardner v. Jones, 198 Okl. 691, 181 P.2d 838, Armstrong v. McCracken, 204 Okl. 319, 229 P.2d 590; Fry v. Smith, [205]

Okl. [222] 236 P.2d 699. In Gardner v. Jones, supra, (198 Okl. 691, 181 P. 2d [838] 840) the instrument in question conveyed 'an undivided 1/16 interest in and to all of the oil, gas and other minerals in, under and that may hereafter be produced' but the third paragraph of said instrument set forth specifically that the grantee should receive an undivided 1/16th part of any and all oil, gas or other mineral that may be produced from the land under a then existing or future lease. In Armstrong v. McCracken, supra, (204 Okl. 319, 229 P.2d 590) there was a reservation of 'an undivided 1/16th interest in and to all oil and gas produced from the land above described.' In Fry v. Smith, supra (236 P.2d 700) the instrument in question conveyed 'an undivided one-half of an undivided one-eighth part, being one-sixteenth (1/16) of all the oil and gas beneath the surface of the ground in and upon the following described real estate * * * and which oil and gas may be produced hereafter from said tract of land by any party or parties whomsoever * * *.'

"Plaintiff relies upon Manley v. Boling, 186 Okl. 59, 96 P.2d 30, Swearingen v. Oldham, 195 Okl. 532, 159 P. 2d 247 and Hinkle v. Gauntt, 201 Okl. 432, 206 P.2d 1001. In our opinion, these cases are clearly distinguishable from the case at bar in that the interests reserved or conveyed were in the land and not in the production therefrom."

■ Clearly the reservation in the instant case is a reservation of an interest in oil produced and saved. Crigler and all of her grantees, joined with Miller, who was plaintiffs' grantor in the above mentioned lease to Gulf Oil Corporation, giving to the lessee 7/8 interest in the oil produced. The trial court, for clarity, in his judgment, computed the fractional oil interest, owned by each party, in terms of a common denominator, to-wit: the 1/8 combined interest left in all lessors, as owners. We see no valid objection to such recitals

and no party to the action questions the accuracy of the trial court's mathematical computations.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.