**DOSS OIL ROYALTY COMPANY, a Corporation, Plaintiff in Error,**

v.

**R. W. LAHMAN, Defendant in Error.**

No. 36925.

Supreme Court of Oklahoma.

July 10, 1956.

Rehearing Denied Oct. 9, 1956.

A. James Gordon, McAlester, Otey, Johnson & Evans, Ardmore, for plaintiff in error.

Fischl & Culp, Ardmore, for defendant in error.

DAVISON, Justice.

This is a suit to quiet title to undivided mineral interests in a 40 acre tract of land in Carter County, Oklahoma, brought by R. W. Lahman, as plaintiff, against Evalee Lahman and Doss Oil Royalty Company, as defendants. The parties will be referred to as they appeared in the trial court.

The plaintiff was the owner of the entire fee in said 40 acres when, in 1921, he leased the same for oil and gas purposes to the Magnolia Petroleum Company, which said lease is still in full force and effect because of continued oil production. Subsequently, plaintiff sold five eighths of the mineral estate leaving him an undi-

vided ⅜ interest therein which he owned when the situation here involved had its inception, with the execution of the following contract:

"This contract, in duplicate, entered into this third day of December A.D. 1923, by and between R. W. Lahman, party of the first part and Doss Oil Royalty Company, a corporation, party of the second part:

"Witnesseth: Party of the first part has this day sold to the party of the second part, three sixty fourths royalty interest in and to the oil and gas in and under the following described lands: the south one half of the north east quarter of the north east quarter, and the north one half of the south east quarter of the north east quarter of section twenty five, township two south, range three west I. B. & M., for the consideration of Ten Thousand Dollars ($10,000.00) to be paid upon the approval of title by the attorney for second party, and the delivery of a grant conveying said interests.

"Provided however: that when second party has received from the runs of oil and gas from said premises a sum equal to ten thousand dollars plus eight per cent interest from date, said second party shall reconvey to first party one half of the interest here conveyed.

"Second party shall have the oil runs from date of this contract.

"Signed in duplicate on the day and year last above written."

On the same day, plaintiff executed a division order directing the lessee to credit or pay to Doss Oil Royalty Company "³⁄₆₄ R.I." for oil received from the premises.

Two days later, the following conveyance was executed:

"Sale of Oil and Gas Royalty

"Known All Men By These Presents:

"That R. W. Lahman and Evalee Lahman of Healdton, Oklahoma, for and in consideration of the sum of Ten Thousand Dollars ($10,000.00) receipt of which is hereby acknowledged, have granted, bargained, sold, conveyed and set over, and do by these presents grant, bargain, sell, convey and set over to the Doss Oil Royalty Company, successors and assigns, all the following property, estate, right, title and interest, to-wit: three-sixty-fourth (³⁄₆₄) undivided interest in and to all the oil and gas in and under the following described tract of land

"South half (½) of Northeast quarter (¼) of the Northeast quarter (¼) and North half (½) of Southeast quarter (¼) of Northeast quarter (¼) of Section Twenty-five (25) Township 2 South, Range 3 West, Indian Base Meridian.

situated in the County of Carter, State of Oklahoma: and also an undivided three-sixty-fourths (³⁄₆₄) intereest in all my right, interest, and estate under and by vurtue of any oil, and gas mining lease now, or hereafter existing upon said premises, or any part thereof, including all rents and royalties accuring and to accure; and also the right, privilege and easement of entering upon said lands and searching for, drilling wells, sinking shafts, mining, diggging, extracting, taking and carrying away all of the oil, and gas in or under said lands, or that may be found therein or thereunder: and also the right to possession and use of so much of said premises at all times as may be necessary to the practical carrying out of the purposes and provisions of this grant.

"To Have and To Hold, All the aforesaid estate, property and easements, together with all and singular the rights, privileges and hereditaments thereunto belonging or appertaining, unto the said Doss Oil Royalty Company, successors, and assigns in fee simple forever.

"And the said R. W. Lahman and Evalee Lahman, for themselves, heirs, successors and personal representa-

tives, do hereby convenant and agree to and with said Doss Oil Royalty Company, successors and assigns, that at the delivery of these presents they are lawfully seized in their own right of an absolute and indefeasible estate of inheritance in fee simple of, in and to all the singular the aforesaid premises and property; that they have a good right to sell and convey the same, and warrants the same to be free, clear, discharged and unincumbered of and from all former grants, titles, charges, judgments, taxes, assessments and incumbrances of whatsoever kind and nature, except in oil and gas leasehold estate, hereinafter referred to which is recorded in the office of the County Clerk of Carter County, Oklahoma.

"It is expressly declared that whereas the land, particularly described in the conveyance is subject to an oil, and gas mining lease in favor of the Magnolia Petroleum Company, it is intended that said outstanding lease is fully embraced in the general terms of this conveyance, so as to pass to, and vest in said Doss Oil Royalty Company three sixty-fourths (3/64) interest, not only in the oil and gas, but also all rents and royalties therein reserved to the lessor, precisely as if the said Doss Royalty Company has been at the date of making of said lease, the owner in fee of a three sixty-fourths (3/64) interest in and to the lands described, and itself one of the lessors therein.

"And it is hereby further expressly declared that it is the true intent and purpose of this conveyance to pass to and vest in the said Doss Oil Royalty Company an undivided three sixty-fourths (3/64) interest in all the oil and gas rights in the land first described herein, or that at any time may be found therein or thereunder, and all grantors' rights to operate for December, 1923."

In April 1928, the royalties received by Doss had amounted to the $10,000 referred to in the contract of December 3, 1923, and in compliance with the other provisions thereof, Doss executed and sent to plaintiff a "sale of oil and Gas Royalty." The conveyance was dated April 16, 1928, and described the property conveyed as "three-*sixteenth* (3/16) undivided interest in and to all the oil and gas in and under the following described tract of land * * *." The deed was received and filed for record by plaintiff. Magnolia was notified of the conveyance and, subsequently, because of the differences between plaintiff and defendant the only royalty paid out was that portion of plaintiff's as to which there was no dispute. All other was held in a suspense account.

In addition to the evidence above outlined the record contains numerous letters, division orders, a telegram and other written instruments but they need not be here detailed because none of them is sufficient to bind the plaintiff. On March 6, 1953, this suit was filed for the purpose of having the separate mineral interests judicially determined. Some ten years previously the plaintiff and the defendant, Evalee Lahman, who were then husband and wife, obtained a divorce and she was made a party to the suit in order that her interest might also be adjudicated. Judgment of the trial court was against her and she did not perfect an appeal therefrom. It is, therefore, unnecessary to further consider issues raised by her. At the conclusion of the trial, the court made lengthy findings of fact and conclusions of law in which was embodied some 27 pages of correspondence between the parties and Magnolia Petroleum Company, being the same as that referred to at the beginning of this paragraph. Judgment was for plaintiff and defendant Doss has appealed.

It is plaintiff's contention that he conveyed to the defendant, Doss, a 3/64 interest in the minerals underlying said lands and that, after a reconveyance to him of one half of that interest, Doss owned a 3/128

interest in said minerals making the royalty interest $3/128$ of $1/8$ or $3/1024$ of the total production. Defendant contends that plaintiff conveyed to it a $3/64$ royalty interest and that, after a reconveyance of one half, said defendant, Doss, owned a $3/128$ of the total production.

The first proposition with which we are confronted is whether the instruments of December 3 and 5, 1923, are to be taken together as parts of one written contract or whether the instrument of December 3 was merged in, and superseded by, the instrument of December 5, and the latter was the entire agreement finally reached between the parties. An examination of the two instruments discloses that the December 5 instrument was executed to carry out the intent of the other and only in the instrument of December 3 is mention made of the reconveyance from Doss to plaintiff which constituted another of the vital elements of the agreements. Under such circumstances, it was not necessary for that instrument to be specifically incorporated in the writing of December 5, in order to be a part of the contract. In the case of Banks v. City of Ardmore, 188 Okl. 611, 112 P.2d 372, it was held that,

> "Where a contract and deed, although executed and delivered at different times, constitute parts of the same transaction, and the delivery of the deed is only a part performance of the terms of the contract, and is not intended to supersede the contract, the contract is not merged in the deed but both are to be construed together."

And more recently the same rule of law was followed in the case of Davis v. Hastings, Okl., 261 P.2d 193, 195, wherein the earlier case of Hud Oil & Refining Co. v. Smith, 179 Okl. 412, 65 P.2d 1011, was quoted as follows:

> " 'Where several written instruments, though not executed at the same time, refer to the same subject-matter and on their face show that

same were executed to carry out the intent of the others, all should be construed as one contract.' "

Viewing these instruments in the light of ordinary experience, it is readily apparent that the December 3 writing constituted the agreement of the parties and the execution and delivery of the December 5 writing was for the purpose of complying with one of the provisions of that agreement. Another act which was in compliance with another of the provisions was the execution, on December 3, of the division order directing the lessor to pay to Doss plaintiff's portion of the oil runs. The provision in the December 3 writing that Doss was to receive the oil runs from that date was a positive inference that the property was not only leased but also was producing oil. Three sixty-fourths of the production was the total amount of royalty payable to plaintiff. The sale of "three sixty-fourths royalty interest in and to the oil and gas in and under" said lands and the further agreement that Doss was to receive "the oil runs from date of this contract" left no doubt but that the plaintiff had sold, to Doss, his $3/8$ of the $1/8$ royalty or his "three sixty-fourths royalty interest."

Much the same situation was presented in the case of Elliott v. Berry, 206 Okl. 594, 245 P.2d 726. Therein, the antecedent contract provided for the conveyance of " 'an undivided $1/16$th royalty interest in the oil and gas and other minerals actually produced from said land.' " The royalty deed conveyed " 'an undivided $1/16$th interest in all of the oil, gas, coal and other minerals now, or at anytime thereafter, lying in or under' " etc. Although there the antecedent contract was incorporated in the royalty deed by specific reference, here, as pointed out above, the antecedent contract was just as much a part of the agreement. In the cited case it was held that,

> "The trial court properly construed the contract and royalty deed involved as passing title to a $1/16$th royalty in-

terest or ½ of the usual ⅛th royalty, and not an undivided ¹⁄₁₆th mineral interest."

The opinion quoted and relied upon the definition of "royalty" contained in the earlier case of Carroll v. Bowen, 180 Okl. 215, 68 P.2d 773, as follows:

"'The term "royalty" in the strict sense is held to mean a share of the product or proceeds therefrom, reserved to the owner for permitting another to use the property.'"

Although in the case before us the terms "produced" or "production" were not used in the antecedent contract, the provision therein that Doss was to have "the oil runs" was synonymous with the term "the oil produced." And to comply with that provision, the plaintiff, at the same time, directed Magnolia to deliver all of plaintiff's interest therein to Doss. The record contains no testimony of either of the parties as to their intention in the execution of the instruments and, in view of the reasoning in the Elliott case, supra, it is doubtful that the same would have been admissible to vary the terms of the written contract. The same reasoning also applied to the bulk of the correspondence.

■ It is, therefore, concluded that the contract of December 3, the division order of the same date and the royalty deed of December 5, constitute one entire written contract between the parties whereby Doss became the owner of plaintiff's entire ⅜ of ⅛ or ³⁄₆₄ royalty interest and, having reconveyed one half of that interest to plaintiff in compliance with the provisions of the contract, each party, plaintiff and defendant Doss, was the owner of a ³⁄₁₆ of said ⅛ or ³⁄₁₂₈ royalty interest.

This conclusion is not in conflict with our decision in the recent case of McNeill v. Shaw, Okl., 295 P.2d 276. In the cited case, the royalty deed was in almost the same language as the royalty deed here but therein there was no antecedent contract and division order expressing the intent of the parties.

The judgment is reversed and the cause remanded with directions to enter judgment quieting the title of defendant to an undivided ³⁄₁₂₈ of the total production as a royalty interest in said premises and quieting the title of plaintiff to the remainder of the mineral estate here involved.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.