**H. J. SANDERS and C. Moore, Plaintiffs in Error,**

v.

**Bertha A. BELL, Defendant in Error.**

No. 38550.

Supreme Court of Oklahoma.

March 8, 1960.

Jay W. Whitney, Tulsa, for plaintiffs in error.

Lansden & Drum, Beaver, for defendant in error.

BERRY, Justice.

The parties will be referred to as they appeared in the trial court, which is in reverse order to their appearance here.

Plaintiff, Bertha A. Bell, instituted this action against the defendants, H. J. Sanders and C. Moore, and others, to quiet her title to the surface of a tract of land in Beaver County, Oklahoma, and to $^{15}\!/_{16}$ths of the minerals underlying the land. Judgment was for plaintiff. From order overruling defendants' motion for new trial, they appeal.

On December 20, 1926, David H. Farra and Lizzie M. Farra, husband and wife, conveyed to Frank L. Bell the tract of land in controversy. The following quoted matter appeared in the referred-to deed:

"The grantors herein reserves one-sixteenth ($\frac{1}{16}$) interest of all oil, gas and mineral found, produced and pro-

cured from the above described property."

On July 16, 1947, Farra and his wife, by separate conveyance, conveyed an undivided ¼th of the minerals underlying the tract to each of the defendants.

On March 31, 1948, Bell conveyed the tract to plaintiff, who is his wife.

The referred-to conveyances were promptly recorded in the office of the County Clerk of Beaver County.

The tract was not leased for oil or gas purposes at the time either of the referred-to conveyances were made.

The trial court found and held that the conveyance from the Farras to Frank Bell served to vest in Frank Bell title to the surface and an undivided ¹⁵⁄₁₆ths interest in the minerals; that the conveyance from Frank Bell served to vest in plaintiff title to the surface and an undivided ¹⁵⁄₁₆ths interest in the minerals; that the conveyance from the Farras to the defendants only served to vest in each defendant an undivided ½₂nd interest in the minerals.

The defendants contend that the Farras, in their conveyance to Frank Bell, reserved ½ of the usual ⅛th royalty interest and that Frank Bell and plaintiff, as his grantee, only took ½ of the usual ⅛th royalty interest and not ¹⁵⁄₁₆ths thereof. This is the sole contention upon which alleged error is predicated.

Defendants assert that the language of the reservation in the Farra-Bell conveyance is clear and for said reason the intention of Farra and Bell must be gathered from the language used in said reservation. We agree. See Keener v. Neustadt, Okl., 304 P.2d 303. We are, however, unable to agree with the construction that defendants place on said reservation.

As we read the reservation, Farra in conveying to Bell reserved an undivided ¹⁄₁₆th "interest in all oil, gas and minerals found and produced from" the property conveyed and did not reserve ½ of the usual ⅛th royalty interest.

In Pease v. Dolezal, 206 Okl. 696, 246 P. 2d 757, 758, Pease, in a conveyance to Dole-zal, reserved "¹⁄₁₆th of all oil and gas produced from" the land. At the time of the conveyance the land was not subject to an oil and gas lease. We there held that Pease reserved ¹⁄₁₆th of all minerals and not ½ of the usual ⅛th royalty interest. Hinkle v. Gauntt, 201 Okl. 432, 206 P.2d 1001, and Armstrong v. McCracken, 204 Okl. 319, 229 P.2d 590 are cited as sustaining the conclusion reached in Pease v. Dolezal.

Defendants cite Gardner v. Jones, 198 Okl. 691, 181 P.2d 838; Armstrong v. McCracken, supra; Fry v. Smith, 205 Okl. 222, 236 P.2d 699 and Casteel v. Crigler, Okl., 266 P.2d 643, 644, as sustaining their contention.

Gardner v. Jones tends to sustain plaintiff's contention. At the time the conveyances in controversy in Armstrong v. McCracken and Fry v. Smith were made, the land covered by the conveyances was subject to an oil and gas lease. This serves to distinguish said cases from the instant case. In Casteel v. Crigler the reservation was "³⁄₃₂ of all crude oil that may thereafter be produced and saved from said land" conveyed. In the instant case, the reservation extended to "¹⁄₁₆th interest of *all* oil, gas and minerals found, produced and procured from the land" conveyed. The material difference in the wording of the reservation in the Casteel v. Crigler case and the reservation in the instant case serves to distinguish that case from this.

Affirmed.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., dissent.

BLACKBIRD, Justice (dissenting).

I do not concur in the majority's opinion on the merits of this case because this court does not have jurisdiction to so determine it. The record shows the case-made was settled on December 16, 1958, but it and the petition in error were not

filed in this court until January 6, 1959. Under Tit. 12 O.S.1955 and 1957 Supp. Sec. 972, all proceedings by case-made for reversing, vacating or modifying judgments or final orders must be commenced within 20 days from the date the case-made is settled. Therefore, this court is without jurisdiction to perform any function in this appeal other than to dismiss it. See Video Independent Theatres, Inc. v. Walker, Okl.; 308 P.2d 958, and others. I therefore respectfully dissent.

I am authorized to announce that WILLIAMS, V. C. J., concurs in my dissenting views.