Elizabeth J. WILSON, Plaintiff in Error,

v.

Irma S. HECHT, Irma S. Hecht and L. B. Stirling as trustees under the will of J. Harold Hecht, deceased, Jean Ellen Hecht, Rhoda H. Rubel, Dewey F. Bartlett, Rotexco, Inc., a corporation, Jonah Jones, Jr., E. L. Thomas and F. A. Helms and Earl W. Beckham, copartners, dba Helms and Beckham, Defendants in Error.

No. 39381.

Supreme Court of Oklahoma.

Jan. 23, 1962.

Rehearing Denied April 3, 1962.

Arden E. Ross, Tulsa, for plaintiff in error.

Crowe & Thieman, Tulsa, and Holleman & Holleman, Tulsa, for defendants in error.

BERRY, Justice.

The parties occupy the same relative position here as in the trial court. They will either be referred to herein as designated in the trial court or by name.

In their petition filed below, the plaintiffs alleged in substance that on July 31, 1924, plaintiff W. M. Wilson owned the N/2 of the SW/4 of Sec. 8, Twp. 18N, R. 4E, Tulsa County, Oklahoma; that on said date he conveyed the land to Albert J. and Bessie Williams; that this provision was incorporated in the deed:

> "Party of the First Part reserves One-Sixteenth (1/16) of all oil, gas or mineral of any character or kind produced from the above described land."

that the quoted reservation served to reserve in him 1/2 of the usual 1/8th royalty interest in oil or gas produced from the land; that he subsequently conveyed said interest to himself and wife, Elizabeth J. Wilson, in joint tenancy; that defendants claimed some right, title or interest in the interest so reserved; that plaintiffs be judged to own the interest so claimed and that their title thereto as to the defendants be quieted.

By appropriate pleadings, the defendants who claim to own an undivided 15/16ths interest in the minerals asserted that by the quoted reservation W. M. Wilson reserved an undivided 1/16th of the minerals and not 1/2 of the usual 1/8th royalty interest; that the minerals were unleased at the

time of the July 31, 1924 conveyance; that on February 17, 1959, plaintiffs granted an oil and gas lease covering their interest in the minerals underlying the land; that on February 20, 1959, W. M. Wilson conveyed to himself and his wife in joint tenancy "an undivided one-sixteenth (¹⁄₁₆) interest in and to all oil, gas and other minerals" underlying the land; that by virtue of said conveyances plaintiffs are estopped to assert that their interest in the land was other than ownership of an undivided ¹⁄₁₆th of the minerals. By answer and cross-petition, defendants E. L. Thomas, Jonah Jones, Jr. and Rotexco, Inc., asserted that they owned oil and gas leases covering the minerals; that one of the leases was executed by plaintiffs and covered any interest that plaintiffs had in the minerals; that oil and gas in paying quantities had been discovered and were being produced under said leases; that plaintiffs' action as to them was vexatious and they were therefore entitled to judgment for costs incurred in defending the action, including attorney's fees; that their oil and gas leases be adjudged valid and existing.

Prior to trial, W. M. Wilson died and the action was revived in the name of Elizabeth J. Wilson as his surviving joint tenant and owner of the interest claimed by plaintiffs.

Following trial of case to the court, judgment was rendered in favor of defendants, and cross-petitioners were each allowed $300.00 "for use and benefit of their attorneys".

From order of trial court denying plaintiff's motion for new trial which was directed to the mentioned judgment, plaintiff perfected this appeal.

Plaintiff contends that the reservation upon which she relies "is not ambiguous, and reserved in perpetuity ¹⁄₁₆th of all oil, gas or other minerals that might be thereafter 'produced',—equivalent to ½ of the ⅛th royalty usually provided for in oil and gas leases, and being ½ of the ⅛th royalty specifically provided for in the subsequently executed oil and gas leases";

that in awarding cross-petitioners attorney fees the trial court erred.

Defendants contend that by the reservation in controversy, W. M. Wilson reserved ¹⁄₁₆th of all the minerals and not ½ of the usual ⅛th royalty; that Sanders et al. v. Bell, Okl., 350 P.2d 293, directly sustains their contention and is dispositive of this appeal.

Plaintiff concedes that the cited case is in point but asserts that the case is contrary to prior opinions of this Court; that said prior opinions are sound and should be followed in the instant case.

It was provided in the reservation clause of the deed under consideration in Sanders et al. v. Bell, supra, that "The grantors herein reserves one-sixteenth (¹⁄₁₆) interest of all oil, gas and mineral found, produced and procured from the above described property." There, as here, the minerals were not leased for oil and gas purposes at the time the deed was executed. We there held that by the quoted reservation the grantor reserved ¹⁄₁₆th of all of the minerals and not ½ of ⅛th of oil and gas produced.

Plaintiff urges that our opinion in Sanders et al. v. Bell, supra, is predicated solely upon the proposition that there, as here the minerals were not leased at the time the reservation was made. She asserts that said fact is without significance. She argues that under the reservation in controversy "grantor would not have any interest in the minerals unless and until they were 'found, produced and procured' "; that grantor reserved only an interest in the proceeds of oil, gas or other minerals that were produced and sold. In brief, as to oil and gas, grantor reserved a royalty interest in the nature of an oil and gas payment. She says that the matter of reserving such an interest is not contingent upon the minerals being leased at the time that the reservation is made and that same would become operative upon oil or gas being produced and sold under any oil and gas lease granted by the owners of the minerals.

In Sanders v. Bell we emphasized the word "all" that appeared in the reservation clause. In that case as here, grantor reserved ¹⁄₁₆th of *all* production. Since the minerals were unleased as of date of reservation, the grantor in each instance by clear wording of the reservation reserved ¹⁄₁₆ of all (¹⁰⁄₁₆ths) of the production and not ½ of the usual ⅛th royalty interest. If the owners of the minerals in either instance had elected to develop the minerals, and such was their privilege, there would have been no so-called royalty interest and plaintiff would be entitled to ¹⁄₁₆th of all production. If minerals have been leased, there is a possibility that the lessee will become entitled to ⅞ths of the production, and in view of said possibility, justification may exist for saying that the parties to a conveyance in which an interest in minerals was reserved intended to treat with the unencumbered ⅛th interest, but not where a lease has not been granted.

■ Plaintiff asserts that the reservation clause is unambiguous; that it is so worded as to clearly show that ½ of the usual ⅛th royalty interest was reserved. While we are of the opinion that the clause is unambiguous, our opinion is predicated upon the proposition that it was made clear therein that W. M. Wilson reserved ¹⁄₁₆th of all (¹⁰⁄₁₆ths) oil, gas or minerals produced from the land. Since we are convinced that plaintiff is attempting to read into the reservation clause something that the wording thereof does not permit, we deem it appropriate to point out the construction that the plaintiffs placed on the clause prior to oil and gas being discovered.

■ In 1959, plaintiffs granted an oil and gas lease, which action on their part tended to show that they then construed the reservation clause as granting to them an undivided ¹⁄₁₆th interest in all of the minerals and not ½ of ⅛th of the production that accrued to the ⅛th royalty interest created by the oil and gas leases. The asserted right to lease is wholly inconsistent with plaintiff's contention in this case that the reserved interest was not in the minerals but in proceeds accruing from the sale of oil and gas. In the same year, W. M. Wilson conveyed to himself and plaintiff in joint tenancy "an undivided one-sixteenth (¹⁄₁₆) interest in and to all oil, gas and other minerals" underlying the land. Plaintiffs do not dispute but that this conveyance purports to convey to plaintiffs ¹⁄₁₆th of the minerals. If the reservation be considered as ambiguous, the practical construction placed thereon by W. M. Wilson may be considered in determining the interest that he in fact sought to reserve in the 1924 conveyance. See case cited following ☞170, "Contracts", Vol. 4, Part 1, West's Okl.Dig.

We have examined our decisions which plaintiff asserts are contrary to our decision in Sanders v. Bell. After having done so we are of the opinion that same can be distinguished on the facts. We are of the conviction that Sanders v. Bell is dispositive of the issue presented on the merits.

Cross-petitioners point out that plaintiffs granted an oil and gas lease covering whatever interest plaintiff may have in the minerals in which they warranted their title to the minerals so leased; that nevertheless, plaintiffs made cross-petitioners parties to this action and thus cast upon them the burden and cost of defending same; that they also sought to have oil runs accruing from production withheld. Cross-petitioners assert that their title was thereby slandered and that judgment for attorney's fees should be affirmed. Restatement of Law of Torts, Vol. 3, Sec. 633(b) and Dowse v. Doris Trust Co., 116 Utah 106, 208 P.2d 956, are cited as sustaining their contention.

■ It is apparent that plaintiffs had no cause of action against the cross-petitioners, and as to them their action was vexatious. This fact does not, however, justify allowance of attorney's fees. In the third paragraph of the syllabus to Keel et ux. v. Covey et al., 206 Okl. 128, 241 P.2d 954, this was said:

"The right to recover attorney's fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such allowances in the absence of statute or some agreement expressly authorizing the same, cannot be sustained."

The matter of awarding attorney's fees to cross-petitioners under facts represented by this appeal is a matter for the Legislature and not the courts.

The judgment as to an attorney's fee is reversed with direction to vacate that part of the judgment allowing such fees. The remaining portion of the judgment is affirmed. The costs of this appeal shall be divided equally between plaintiff and the defendants, E. L. Thomas, Jonah Jones, Jr., and Rotexco, Inc.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

WELCH, J., concurs in result.