M. F. HAYS, Plaintiff in Error,

v.

PHOENIX MUTUAL LIFE INSURANCE
COMPANY, a corporation, De-
fendant in Error.

No. 40242.

Supreme Court of Oklahoma.

April 7, 1964.

Welch & Dudley, Madill, for plaintiff in error.

Henry P. Rheinberger, Allen D. Evans, Crow, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for defendant in error.

PER CURIAM:

On November 17, 1936, Phoenix Mutual Life Insurance Company, defendant below, executed a special warranty deed to Ethem E. Morgan conveying all of Lot Four and the Northeast 7.35 acres of Lot Five of Section Twelve, Township Eight South, Range Four East, Marshall County, Oklahoma, containing 52.45 acres, more or less, "EXCEPTING and RESERVING, however, to Grantor, its successors and assigns, forever, a royalty of one-sixteenth ($\frac{1}{16}$) of all oil, gas, and minerals produced from said real estate, said royalty to be delivered to Grantor, its successors and assigns free and clear of all costs of production, together with the right of ingress and egress over said property."

Plaintiff below, M. F. Hays, succeeded to the interest of Morgan and filed her petition to quiet title to the property as against defendant. Parties will be referred to as they appeared in the trial court. Plaintiff's amended petition alleged that she owned fifteen-sixteenths mineral interest and that defendant owned a one-sixteenth mineral interest. Defendant's answer and cross-petition alleged that it owned a one-sixteenth royalty interest and that such was described by the language of the reservation as quoted above. It was stipulated at the trial that the deed and reservation is unambiguous and that at the time defendant executed the special warranty deed to Morgan there was an oil and gas lease in force on this property which provided for the usual one-eighth royalty and which later expired by its own terms. At the time this suit was commenced and tried there was another oil and gas lease in force on the property providing for the usual one-eighth

royalty. There has been no oil or gas production on the property.

The trial court found in favor of the defendant and against the plaintiff. The pertinent part of the trial court's judgment was as follows:

"That said land is presently subject to an oil and gas lease which provides for one-eighth ($\frac{1}{8}$) royalty. In the event of production under said lease, the defendant will be entitled to receive its reserved one-sixteenth ($\frac{1}{16}$) royalty, or one-half ($\frac{1}{2}$) the royalty payable under said lease, and plaintiff will be entitled to receive the other one-half ($\frac{1}{2}$) of the royalty payable under said lease."

It is the contention of plaintiff that, under the reservation, the defendant is only entitled to an undivided one-sixteenth of the one-eighth royalty. In support of such contention, plaintiff relies on the cases of Manley v. Boling, 186 Okl. 59, 96 P.2d 30; and Swearingen v. Oldham, 195 Okl. 532, 159 P.2d 247. But neither of those cases is strictly applicable to the facts in this case, and they are not controlling herein. In each of those cases the language of the instrument being interpreted provided for a reservation of "one-sixteenth ($\frac{1}{16}$) of all oil, gas, or other minerals in or under this land" whereas in the instant case the deed reserves "a royalty of one-sixteenth ($\frac{1}{16}$) of all oil, gas and minerals produced from said real estate, said royalty to be delivered to Grantor, its successors and assigns free and clear of all costs of production, * * *."

In giving consideration to the construction placed upon this reservation by the trial court, we must keep in mind that the real estate was leased for oil, gas and other minerals at the time the special deed reserving the royalty interest was executed.

In the second paragraph of the syllabus in Doss Oil Royalty Co. v. Lahman, Okl., 302 P.2d 157, we held:

"The term 'royalty' is construed in the broad sense of denoting mineral rights where there is no oil and gas

**216**

leases upon the property but is construed in the restricted sense of denoting an interest in the production when the property is under lease for oil and gas."

See also Elliott v. Berry, 206 Okl. 594, 245 P.2d 726.

 Plaintiff also argues that when the defendant reserved the right of ingress and egress, its reservation became a reservation of a mineral interest only, and not a pure royalty interest. Plaintiff cites as authority the case of Pease v. Dolezal, 206 Okl. 696, 246 P.2d 757. The cited case is distinguishable on two grounds. At the time of the conveyance to Pease, therein, there was no oil and gas lease upon the property. Also in the Pease case, supra, Pease reserved the right to enter upon the lands and develop them for and produce oil and gas. In the instant case, defendant retained simply a right of ingress and egress. In 1 Williams & Meyers "Oil and Gas Law", Section 202.3, it is stated:

"A royalty interest may be created by grant or by reservation or exception, just as a mineral interest. This interest differs from a mineral interest in that the owner is not authorized to go upon the premises in which the royalty interest exists for the purpose of prospecting for, severing and removing minerals, although he may be given certain rights of ingress and egress for the purpose of informing himself as to the details of the operation of the land with respect to exploration and development."

 From a consideration of the provisions of the reservation in the special warranty deed together with the fact that there was an oil and gas lease covering the property when the deed was executed, we hold the trial court was correct in holding that the reservation reserved an undivided one-half of the one-eighth royalty instead of a one-sixteenth of the one-eighth royalty as contended by the plaintiff.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

The court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.